OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and tenant’s motion to vacate the stipulation of settlement and the final judgment entered pursuant thereto is granted.
In July 2010, landlord commenced this nonpayment proceeding to recover unpaid rent, in the amount of $1,783.76 per month, as well as legal fees. Tenant’s apartment is located in a building which has a Department of Housing and Urban Development (HUD) Housing Assistance Program (HAP) project-based Section 8 contract providing rent subsidies for most of the apartments in the building. However, tenant is *31 ineligible to receive the subsidy based on her income. In 2004, after landlord purchased the building and paid off the section 236 mortgage (12 USC § 1715z-l), pursuant to a HUD use agreement, landlord agreed to maintain the HUD HAP project-based Section 8 contract through 2017. Tenant then filed a complaint with the Department of Housing and Community Renewal (DHCR) for a declaration that her apartment became rent stabilized following landlord’s prepayment of the mortgage. Landlord argued in response that even though tenant was ineligible to receive a Section 8 subsidy, her apartment remained covered by the HUD contract. By order dated February 6, 2009, a rent administrator found that tenant’s apartment was not rent stabilized and that DHCR had no jurisdiction over the apartment, which was subject to the HUD contract. Tenant then filed a petition for administrative review, and a deputy commissioner, by order dated July 30, 2009, affirmed the determination of the rent administrator. Thereafter, tenant commenced a CPLR article 78 proceeding and, by order dated October 12, 2012, the Supreme Court, Queens County, found that the determination of the deputy commissioner was neither arbitrary nor capricious, and dismissed tenant’s petition.
On February 14, 2011, the parties entered into a so-ordered stipulation of settlement in the instant proceeding, which was signed by landlord, tenant and tenant’s then attorney. In the stipulation, the parties agreed, among other things, that landlord would accept $10,000 in satisfaction of all arrears, which tenant would pay by the end of March 2011; that use and occupancy would be paid at $1,250 a month for a period of one year, from March 2011 through February 2012; that, thereafter, use and occupancy would increase to $1,500 from March 2012 through August 2012; and that use and occupancy would then increase “to the full amount as stated in the HAP contract,” which “is $1,906.00.” Landlord was awarded a final judgment of possession, and a warrant of eviction was issued and stayed. The stipulation also provided that, at any time, tenant could provide documentation to show that she was entitled to receive a rent subsidy. Soon thereafter, tenant dismissed her attorney. Tenant subsequently hired another attorney and moved, in March 2013, to vacate the stipulation on the grounds of, among other things, fraud and/or mistake in the calculation of the applicable rent. The Civil Court, by order dated May 16, 2013, denied tenant’s motion.
*32 Tenant contends on appeal that the stipulation of settlement should be vacated because, among other things, an illegal rent was assessed due to fraud on the part of landlord, or due to a mistake of law, inasmuch as the amount of rent delineated in the stipulation does not comply with 12 USC § 4108 (a), which governs the prepayment of section 236 mortgages, and section 4112 (a) (2) (D) and (E), which provide, among other things, that any rent increase for current tenants cannot exceed 30% of the tenant’s adjusted gross income or the published existing fair market rent for comparable housing established under 42 USC § 1437f (c), whichever is lower.
Title 12 of the United States Code (Banks and Banking), chapter 42 “Low-Income Housing Preservation and Resident Homeownership Subchapter I—Prepayment of Mortgages Insured Under National Housing Act,” includes section 4108 (a), which precludes HUD from approving a mortgage prepayment request unless it finds that
“(1) implementation of the plan of action will not—
“(A) materially increase economic hardship for current tenants, and will not in any event result in (i) a monthly rental payment by any current tenant that exceeds 30 percent of the monthly adjusted income of the tenant or an increase in the monthly rental payment in any year that exceeds 10 percent (whichever is lower), or (ii) in the case of a current tenant who already pays more than such percentage, an increase in the monthly rental payment in any year that exceeds the increase in the Consumer Price Index or 10 percent (whichever is lower); or “(B) involuntarily displace current tenants (except for good cause) where comparable and affordable housing is not readily available determined without regard to the availability of Federal housing assistance that would address any such hardship or involuntary displacement.”
If a mortgage prepayment request is approved, as it was in the case at bar, the federal statutes control the amount of monthly rent an owner can charge the current tenants in the building after the prepayment. 12 USC § 4112 states, in pertinent part:
“(a) In general . . .
“(2) binding commitments have been made to ensure that—
“(A) the housing will be retained as housing affordable for very low-income families or persons, low- *33 income families or persons, and moderate-income families or persons for the remaining useful life of such housing (as determined under subsection (c) of this section); . . .
“(C) current tenants will not be involuntarily displaced (except for good cause);
“(D) any increase in rent contributions for current tenants will be to a level that does not exceed 30 percent of the adjusted income of the tenant or the published existing fair market rent for comparable housing established under section 1437f(c) of Title 42, whichever is lower, except that the rent contributions of any tenants occupying the housing at the time of any increase may not be reduced by reason of this subparagraph (except with respect to tenants receiving section 8 [42 USC § 1437Í] assistance in accordance with subparagraph (E)(ii) of this paragraph);
“(E)(i) any resulting increase in rents for current tenants (except for increases made necessary by increased operating costs)—
“(I) shall be phased in equally over a period of not less than 3 years, if such increase is 30 percent or more; and
“(II) shall be limited to not more than 10 percent per year if such increase is more than 10 percent but less than 30 percent; and
“(ii) assistance under section 1437f of Title 42 shall be provided, to the extent available under appropriation Acts, if necessary to mitigate any adverse effect on current income-eligible very low- and low-income tenants.”
It is clear that 12 USC § 4112 (a) (2) (D), which specifically controls the amount of the monthly rent and the implementation of rent increases in buildings where a section 236 mortgage has been prepaid, as well 12 USC §§ 4108 (a) and 4112 (a) (2) (E), do not limit their application to income-eligible tenants who receive subsidies. In view of the foregoing, inasmuch as the terms of the stipulation of settlement regarding the amount of monthly rent did not comply with the federal statutes, a fact of which the parties were unaware when they entered into the stipulation, we find that the stipulation should not be enforced (see Matter of Frutiger, 29 NY2d 143 [1971]; Loscalzo v Rodriguez, 43 Misc 3d 139[A], 2014 NY Slip Op 50799[U] [App *34 Term, 2d Dept, 9th & 10th Jud Dists 2014]; PC 999 High St. Corp. v Blackburn, 27 Misc 3d 144[A], 2010 NY Slip Op 51104[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; Third F.G.P. v Babalola, NYLJ, Apr. 28, 1992 [App Term, 2d & 11th Jud Dists]), and that tenant’s motion should have been granted.
We note that we cannot agree with the dissenting justice’s attempt to redress what she sees as a prior wrong by allowing a present wrong to stand.
Accordingly, the order is reversed, and tenant’s motion to vacate the stipulation of settlement and the final judgment entered pursuant thereto is granted.